QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

**KENNEDY FUNDING**
F I N A N C I A L

November 1, 2017

Quimera Holding Group S.A.C.
Calle Victor Lira No. 509, Esquina
Con Ave. Venzuela-Arequipa, Peru
Attn:   Mr. Juan Carlos Cordova Del Carpio
        Mr. Jose Enrique Mendoza Del Solar

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
_____ day of NOV 2017
By _____
Personally known ___ OR produced Identification ___
Type Identification produced _____

Notary Public

**Re:**   Financing Request $50,000,000 - Any and all reference to currency in this document shall mean U.S. Dollars only.
Case# 1147 South Pacific-Quimera

Dear Messrs. Cordova and Mendoza:

We are pleased to advise you of our commitment to provide financing. This Loan Commitment ("Loan Commitment") supersedes all previous communications and correspondence without limitation. The terms of this Loan Commitment are as follows:

**LENDER:**   Kennedy Funding Financial, LLC (KFF), or any other Lender designated by KFF ("hereinafter collectively referred to as Lender"), intends to form a limited liability company just prior to closing comprised of its private funding sources to fund and act as Lender for the Loan ("Loan") described hereunder.

**BORROWER:**   Quimera Holding Group S.A.C.    FEIN# 204505621
Calle Victor Lira No. 509, Esquina
Con Ave. Venzuela-Arequipa, Peru

**GUARANTOR:**   Juan Carlos Cordova Del Carpio    PASSPORT Peruvian# 6132650
Quinta Sienna B-4
Cerro Colorado-Arequipa-Peru

Jose Enrique Mendoza Del Solar    PASSPORT# 6467209
Calle Alvarez Thomas ZD3
Urb. Selva Alegre
Arequipa-Peru

Any and all other entities or individuals that: (i) have a Ten Percent (10%) or greater direct or indirect interest in, or (ii) manage, Borrower or Guarantor.

South Pacific Funds and Commercos Limited

QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

2

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

QUIMERA HOLDING GROUP S.A.C.

**COLLATERAL/
PROJECT:** Lender shall receive a First Lien on the Real Estate Collateral ("Collateral"), as described in Schedule "C".

**FINANCING
REQUEST:** A Maximum Loan of Fifty Million Dollars ($50,000,000). An estimate of fees and costs, excluding legal, is set forth on Schedule A attached.

**TERMS:** The term of the Loan shall be three (3) years from the date of closing. The closing shall take place not later than February 15, 2018, time of the essence. The time of the essence date was included at the insistence of Borrower who has represented that it will be in a position to meet all requirements contained herein by said date.

Notwithstanding anything to the contrary above, in the event Borrower requires additional time to close, Borrower may extend the expiration date of this Commitment until March 15, 2018, time of the essence, upon written notice to Lender and payment of Five Hundred Thousand Dollars ($500,000) no later than February 15, 2018, time of the essence ("Extension Fee").

All interest, points, fees, charges, etc. to be paid to Lender under the Loan Documents shall be paid net of any and all applicable taxes, tariffs, levies, etc. incurred as a result of the Loan being secured by Collateral situated outside of the United States of America. Borrower is responsible for any such charges in addition to the agreed upon amounts due.

**INTEREST:** A. The interest rate for the first year of the Loan shall be Twelve Percent (12%) per annum paid monthly.

B. The interest rate for the second year of the Loan shall be Fifteen Percent (15%) per annum paid monthly.

C. The interest rate for the second year of the Loan shall be Eighteen Percent (18%) per annum paid monthly.

D. Monthly payments of interest only on the unpaid balance shall be due to Lender on the first day of each month for the prior month's interest until the maturity date, at which time the entire balance of principal and accrued and unpaid interest thereon shall be due and payable in full.

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
_____ day of _NOV_ _2017_
By_____
Personally known___ OR produced Identification
Type identification produced _____

_____
Notary Public

\com\am/Quimera.Cordova.Executed.spfunds1147

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of NOV 2017
By _____ _____
Personally known ___ OR produced identification ___
Type identification produced _____

Notary Public

3

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

E. Monthly payments will be computed on a 30 day month and a 360 day year.

F. Interest from the date of closing to the end of the month in which the closing takes place shall be paid to Lender from the Loan proceeds at closing ("Stub Interest").

**FEE:** A Fee of Two Percent (2%) of the Loan Offer accepted by Borrower shall be paid to Lender from the Loan proceeds at closing ("FEE").

**REPAYMENT:** The Loan may be prepaid in full or in part without penalty except there shall be no refund of any fees or costs including, but not limited to, the FEE, commitment fee, legal fees, extension fees, and costs.

**LEGAL MATTERS:** The interests of Borrower and Lender are or may be different and may conflict, and Lender's attorney represents only Lender and not Borrower and Borrower is, therefore, advised and required to employ an attorney of Borrower's choice licensed to practice in the State of New Jersey to represent the interests of Borrower.

Borrower shall be required to pay to Lender's attorney, reasonable legal fees and expenses of Lender's attorney for services provided to Lender in connection with this transaction.

**DOCUMENTATION:** Lender's commitment to provide the Loan is subject to the negotiation, execution and delivery of definitive loan and security agreements, mortgages or deeds of trust, notes, and other documentation and customary certificates and legal opinions (collectively, the "Loan Documents"), which in each case will be in form, substance and enforceability satisfactory to Lender in its sole discretion. The Loan Documents shall contain conditions precedent, representations and warranties, covenants, events of default and other terms and conditions consistent with the terms hereof as shall be satisfactory to Lender in its sole reasonable discretion and deemed appropriate by Lender for a transaction of the type contemplated herein. Borrower is to provide Lender with certified English translations of all foreign language documents and/or instruments.

QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

........................

\com\am\Quimera.Cordova.Executed.spfunds1147



State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
___ day of NOV 7017
By _____ _____ _____
Personally known _X_ OR produced identification ___
Type identification produced ___

Notary Public

4

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

**ACCEPTANCE**
**OF COMMITMENT:** This Loan Commitment and all of its terms and conditions will become effective only upon delivery to this office of a signed copy of this Loan Commitment, duly accepted by Borrower, accompanied with a commitment fee in the amount of Two Million Four Hundred Eighty Five Thousand Dollars ($2,485,000) which is non-refundable and earned for, among other things, the commitment to provide funds ("Commitment Fee").
Said fee is not refundable under any circumstances, except as agreed to herein.

Notwithstanding anything to the contrary contained in this Loan Commitment, Borrower agrees that the basis for the Loan is the "as is" market value of the real estate Collateral in its present condition. Market value is defined as a twelve (12) month sale to a cash buyer. Borrower understands that Lender will inspect the Collateral and will determine the "as is" market value. Upon making a determination of value, Lender will deliver to Borrower a loan offer equal to Fifty Five Percent (55%) of the "as is" market value not to exceed the Financing Request ("Loan Offer"). Failure by Borrower to either accept or reject in writing the Loan Offer within three (3) days of receipt shall be deemed to be a rejection of the Loan Offer. Acceptance by Borrower of the Loan Offer shall constitute a waiver of the right to engage the services of a third party appraiser as described herein. Borrower understands that Lender cannot and will not lend more than Fifty Five Percent (55%) of the "as is" market value of the real estate Collateral. If Lender's determination of the value of the Collateral is disputed by Borrower, Borrower may reject the Loan Offer and elect to engage the services of a third party appraiser. If Borrower makes this election, Borrower and Lender shall mutually agree on a third party MAI appraiser. In order to do so, the parties have agreed that Borrower shall provide a list of five (5) MAI appraisers each from a different firm, acceptable to Borrower, that have had no prior contact with Borrower or the Collateral. Lender shall then approve one of them. The appraiser shall be contracted by Lender, and any fees for said appraiser to be reimbursed to Lender by Borrower prior to the appraisal being performed. Upon receipt of the determination of value by the third party appraiser, Lender will, at its option, either offer a Loan (not to exceed in any event the Financing Request) of Fifty Five Percent (55%) of the "as is" market value of the real estate Collateral as determined by said appraiser ("Third Party Loan Offer") or return the paid portion of the Commitment Fee.

If the Collateral is determined to have a value which would require Lender to make a Loan of Three Million Dollars ($3,000,000) or less, Lender will not be obligated to make the Loan unless Borrower provides additional Collateral acceptable to Lender in its sole discretion to increase the amount of this Loan to

QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

\com\am/Quimera.Cordova.Executed.spfunds1147



State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of _____ _____
By_____ _____
Personally known _X_ OR produced identification _____
Type identification produced _____

_____ Notary Public

5

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

at least Three Million Dollars ($3,000,000). If the Loan amount is not increased, the Commitment Fee will be earned by Lender.

This Loan Commitment will become effective once signed by all parties and returned with the Commitment Fee. This Loan Commitment will expire February 15, 2018, time of the essence. Lender shall have no obligation with respect to the Loan unless and until this Loan Commitment is fully executed and received by Lender along with the Commitment Fee.

**RETURN OF COMMITMENT FEE:**

If Lender is unable to perform its obligations under the terms of this Loan Commitment for whatever reason, Lender shall only be obligated to refund the paid portion of the Commitment Fee. SAID REFUND SHALL BE THE TOTAL EXTENT OF ANY LIABILITY OR OBLIGATION ON THE PART OF LENDER UNDER ANY CIRCUMSTANCE. There will be no refund if Borrower has not complied with all the conditions of this Loan Commitment.

**OTHER:**

a) Lender hereby acknowledges receipt of a Fifteen Thousand Dollars ($15,000) Letter of Interest fee which is non-refundable, for the preparation of this Loan Commitment.

b) Borrower agrees upon acceptance of the Loan Offer to forward an additional Fifteen Thousand Dollars ($15,000) to Lender which Lender will forward to its legal counsel on account of legal fees and costs. Borrower agrees to replenish the retainer upon request by Lender if and when such retainer is depleted.

**EXPENSES:**

Borrower agrees that the Loan shall be without cost to Lender. Borrower assumes liability for and will pay all costs and expenses required to satisfy the conditions hereof and the making of the Loan. Such costs and expenses shall be paid at or prior to the Loan closing, or upon demand if the Loan does not close or if this Loan Commitment is terminated. Such obligation shall survive termination.

**RELEASES:**

During the term of the Loan, provided all payments of principal and interest on the Loan shall be current on the date of the sale and at the time of the sale and there are no uncured defaults or events of uncured defaults under the Loan Documents, Borrower may sell for cash individual parcels of the Collateral.

QUIMERA HOLDING GROUP S.A.C

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A

\com\am\Quimera.Cordova.Executed.spfunds1147



State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
_____ day of NOV 2017
By _____ _____
Personally known __X__ OR produced identification _____
Type identification produced _____

_____
Notary Public

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

6

Lender agrees to release such sold parcels provided that Lender receives the Release Price for such parcel which will be applied to the outstanding balance. The Release price will be the greater of:

(i)     80% of the net sale price of the parcel taking into account reasonable and customary closing adjustments and customary sales commissions;

(ii)    75% of the gross sale price of the parcel;

(iii)   the minimum release amount as agreed to on a schedule to be approved by Lender prior to closing.

(The greater of the above three amounts being the "Release Price".)

**GOVERNING LAW, ETC.**

This Loan Commitment may be executed in counterparts which, taken together, shall constitute one original. This Loan Commitment is for the benefit of Borrower only and may not be assigned except upon the prior written consent of Lender, which consent may be withheld for any reason or no reason. No party other than Borrower or a permitted assignee may rely upon the terms and conditions of this Loan Commitment. This Loan Commitment will be governed by and construed in accordance with the laws of the State of New Jersey without regard to the principles of conflicts of laws thereof.

**WAIVER:**

No failure on the part of Lender to exercise and no delay in exercising any rights under the Loan Documents shall operate as a waiver thereof, nor shall any single or partial exercise by Lender of any right under the Loan Documents preclude any further exercise thereof, or the exercise of any other right. Each and every right or remedy granted under the Loan Documents or under any document delivered thereunder or in connection therewith or allowed to Lender in law or equity shall be deemed cumulative and may be exercised from time to time.

This Loan Commitment is executed by an individual strictly in his capacity as a representative of Lender. By the acceptance of this Loan Commitment, Borrower agrees that no representative, member, partner, shareholder, employee or agent of Lender shall be personally liable for the payment of any claim or the performance of any obligations hereunder.

QUIMERA HOLDING GROUP S.A.:

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C

\com\am/Quimera.Cordova.Executed.spfunds1147





State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
___1st___ day of __NOV__ 2017
By_Emilio-e Herson & Juin Cordova_
Personally known ___✗__ OR produced identification ____
Type identification produced _____

_Elise_
Notary Public

7

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

LIMITATION
OF DAMAGES:     LENDER SHALL HAVE NO LIABILITY TO BORROWER, OR ANY
OTHER ENTITY OR PERSON, UNDER ANY THEORY OF LAW OR
EQUITY FOR ANY AMOUNT IN EXCESS OF THE PAID PORTION OF
THE COMMITMENT FEE. BORROWER ACKNOWLEDGES THAT
THIS LIMITATION OF DAMAGES CLAUSE IS REASONABLE.
BORROWER AGREES NOT TO PURSUE ANY CLAIM IN EXCESS OF
THE ABOVE SUM.

WAIVER OF TRIAL
BY JURY:        BORROWER AND LENDER EACH HEREBY UNCONDITIONALLY
AND IRREVOCABLY WAIVE ANY AND ALL RIGHT TO TRIAL BY
JURY IN ANY SUIT, COUNTERCLAIM, OR CROSS-CLAIM ARISING
IN CONNECTION WITH, OUT OF, OR OTHERWISE RELATING TO
THIS LOAN COMMITMENT, THE OTHER LOAN DOCUMENTS, THE
OBLIGATION, THE COLLATERAL, OR ANY RELATED
TRANSACTION.

MISCELLANEOUS: BORROWER UNDERSTANDS THAT LENDER CANNOT AND WOULD
NOT ENTER INTO THIS LOAN COMMITMENT WITHOUT
BORROWER'S AGREEMENT TO THE LIMITATION OF DAMAGES,
CHOICE OF FORUM AND WAIVER OF TRIAL BY JURY CLAUSES
CONTAINED HEREIN.

BORROWER AND GUARANTOR(S) UNDERSTAND THAT THEY ARE
OBLIGATED TO DISCLOSE TO LENDER THE NAME AND ADDRESS
OF ANY THIRD PARTY WHO IS PROVIDING A PORTION OR ALL OF
THE COMMITMENT FEE ("THIRD PARTY FEE PROVIDER"). IN
THE EVENT THERE IS A THIRD PARTY FEE PROVIDER, THE
THIRD PARTY FEE PROVIDER SHALL BE REQUIRED TO SIGN THIS
LOAN COMMITMENT. IN THE EVENT THAT BORROWER FAILS
TO MAKE SUCH DISCLOSURE, BORROWER AND GUARANTOR(S)
AGREE TO INDEMNIFY AND HOLD HARMLESS LENDER AGAINST
ANY AND ALL CLAIMS ASSERTED BY SUCH UNDISCLOSED PARTY
AS WELL AS ANY ATTORNEYS' FEES INCURRED IN DEFENDING
AGAINST SAME.

QUIMERA HOLDING GROUP S.A.
Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.

\com\am/Quimera.Cordova.Executed.spfunds1147



State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
___1__ day of _NOV 2017_
By_ENRIQUE Melendez of JUAN CORDOVA_
Personally known _X_ OR produced Identification ____
Type identification produced ____

_____
Notary Public

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

8



**COMMITMENT FEE**

**MODIFICATION:**    Notwithstanding the above requirement to pay the Commitment Fee at the signing of this Loan Commitment, as consideration for the parties unconditionally and irrevocably waiving all right to trial by jury and the parties agreeing to the Choice of Forum and Limitation of Damages clauses, Lender will accept payment of the Two Million Four Hundred Eighty Five Thousand Dollars ($2,485,000) Commitment Fee in the following manner:

a)    Two Hundred Thousand Dollars ($200,000) plus cost of appraisal to be paid at the time this Loan Commitment is signed, prior to Lender's due diligence, which signing will be no later than November 13, 2017, time of the essence;

b)    Three Hundred Thousand Dollars ($300,000) to be paid no later than December 1, 2017, time of the essence;

c)    One Million Nine Hundred Eighty Five Thousand Dollars ($1,985,000) to be paid at the closing from the Loan proceeds or upon Borrower electing not to proceed to a Loan closing. In addition, any default by Borrower under this Loan Commitment, or other failure of Borrower to comply with this Loan Commitment, or misrepresentation by Borrower of any fact or state of facts to Lender either in connection with this Loan Commitment or otherwise, or any material adverse change of any type shall not relieve Borrower of its obligation to pay such amount to Lender.

Borrower acknowledges that Schedule "B" annexed hereto represents conditions of the Loan Commitment required by Lender and that this document would not be executed by Lender without Borrower's agreement thereto. Borrower further acknowledges that each and every delivery required under this Loan Commitment (including those required under Schedule "B") must be made directly to Lender or its designated legal counsel. Any deliveries made to any other person or entity (including without limitation any appraiser or broker involved with the proposed loan transaction) shall not be deemed a delivery to Lender as required hereunder.

This document is an arm's length and negotiated agreement. It shall be construed without any regard to any presumption or rule requiring construction against the party causing such instrument or any portion thereof to be drafted.

QUIMERA HOLDING GROUP S.A.C

_____
Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

_____
Juan Carlos Cordova

\com\am/Quimera.Cordova.Executed.spfunds1147



9

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

Sincerely,
KENNEDY FUNDING FINANCIAL, LLC

BY: _____
Gregg Wolfer, Chief Operating Officer

DATE: _Nov 1 2017_

LOAN COMMITMENT ACCEPTED
QUIMERA HOLDING GROUP S.A.C.

QUIMERA HOLDING GROUP S.A.C.

BY: _____
Juan Carlos Cordova Del Carpio, Executive Director

_____
Juan Carlos Cordova Del Carpio, Individually and as Guarantor

QUIMERA HOLDING GROUP S.A.C.

_____
Jose Enrique Mendoza Del Solar, Director

_____
Jose Enrique Mendoza Del Solar, Individually and as Guarantor

DATE: _Nov. 1, 2017_

BY: _____
Alejandro Stiglich, Witness
South Pacific Funds and Commerce Limited.
(Bahamas)

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
_____ day of _NOV 2017_
By _____
Personally known __X__ OR produced identification _____
Type identification produced _____
_____
Notary Public

MY COMMISSION # FF 303955
EXPIRES November 27, 2019

\com\am/Quimera.Cordova.Executed.spfunds1147



10

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

SCHEDULE "A"

FINANCING REQUEST                                    $50,000,000

PROPOSED LOAN AND USE OF PROCEEDS

FEE (2% of the Loan Amount)                          $1,000,000

MONTHLY PREPAID INTEREST                             UNKNOWN
(Refundable if unused)

CLOSING COSTS                                        UNKNOWN

BROKERAGE COMMISSION                                 $2,500,000
Alejandro Stiglich/South Pacific Funds
and Commerce Limited (Bahamas) (5%)

BALANCE OF COMMITMENT FEE                            $1,985,000

QUIMERA HOLDING GROUP S.A.C.
Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

South Pacific Funds and
Commerce Limited

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of NOV 2017
By _____  JUAN CORDOVA
Personally known __X__ OR produced identification ____
Type identification produced _____
Notary Public

EUGENIO PONCE
MY COMMISSION # FF 903996
EXPIRES: November 27, 2019
Bonded Thru Notary Public Underwriters

\com\am/Quimera.Cordova.Executed.spfunds1147



State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of _NOV - 2017_
By: _____
Personally known ✗ OR produced identification _____
Type identification produced _____

_____
Notary Public

11

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

**SCHEDULE "B"**

These General Conditions are part of the attached Loan Commitment and deemed a part hereof as if set forth therein.

1. **Survey:** Borrower shall provide an ALTA/ACSM land title survey incorporating such "Table A" items as Lender shall require. Said survey shall be certified and satisfactory to Lender, its attorney, and the title company.

2. **Insurance:** Borrower shall provide to Lender policies and certificates of insurance evidencing commercial general liability insurance and property insurance (and, if applicable, builder's risk insurance, construction general liability insurance, workers compensation insurance, excess/umbrella liability insurance, environmental liability insurance and hurricane/earthquake insurance) for the Collateral in such amounts and form, and issued by such companies, as approved by Lender, together with endorsements naming Lender, its successors and/or assigns as certificate holder, first mortgage, loss payee, and additional insured. Borrower shall provide Lender with evidence satisfactory to Lender that all such insurance has been prepaid for one (1) year from the closing date of the Loan.

3. **Title:** Lender shall receive a first lien on the Collateral acceptable to its Counsel and Borrower shall provide ALTA policy of full coverage title insurance in form satisfactory to Lender naming Lender, its successors and/or assigns as insured in an amount not less than the Loan amount.

4. **Flood Insurance:** If any material part of any parcel of the Collateral is located in an area designated as being subject to a special flood hazard, Borrower shall obtain all available flood insurance. If insurance is not available, and if such unavailability legally precludes the mortgage from covering such affected parcel, such parcel shall be removed from the Collateral and all Loan amounts recalculated.

5. **Easements:** All necessary easements for utilities, public road access, parking or otherwise shall be provided for prior to closing.

6. **Leases/Tenants:** If applicable, Borrower shall furnish copies of all Leases related to the Collateral, together with such Tenant Estoppel Certificates, Assignment and Assumption

QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO
QUIMERA HOLDING GROUP S.A.

\com\am/Quimera.Cordova.Executed.spfunds1147

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of NOV 2017
By_____ LANOCEN _____ JUAN LORDOVA
Personally known __X__ OR produced identification
Type identification produced _____

Notary Public

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

12

of Leases, Subordination Non Disturbance and Attornment Agreements, and Certified Rent Rolls as may be required by Lender and Lender's attorney.

7. **Additional Collateral:** As additional Collateral Lender shall receive a pledge of 100% of the equity interests in Borrower. In addition, Borrower agrees to allow Lender to lien all inventory, machinery, equipment, accounts receivable and all other assets owned by Borrower.

8. **Approval of Lender's Counsel:** The title to the Collateral and the form and substance of each and every document evidencing the Loan and the security thereof or incident thereto, must be satisfactory to and approved by Counsel to Lender in its sole discretion.

9. **Approval of Borrower's Counsel, Etc.:** Borrower acknowledges that it has consulted with counsel of its choice and with such other experts and advisors as it deemed necessary in connection with the negotiation, execution, and delivery of this Loan Commitment and Borrower acknowledges that it will consult with Counsel of its choice and with such other experts and advisors as it deems necessary in connection with the negotiation, execution and delivery of the other Loan Documents. This Loan Commitment and the other Loan Documents shall be construed without regard to any presumption or rule requiring that they be construed against the party causing them, or any part of them, to be drafted.

10. **Representations and Warranties of Borrower and Guarantor:** Customary for transactions of this type, including, but not limited to, the following:

(a) Neither the Loan Documents nor the performance by Borrower or Guarantor(s) of its obligations thereunder violate any provisions of law, of Borrower's or Guarantor(s) partnership agreement, corporate by-laws, or of any agreement which is binding upon Borrower or Guarantor(s). No action or permission by any governmental commission, bureau or agency is required in connection with the execution or the performance of the Loan Documents by Borrower or Guarantor(s). Borrower and Guarantor(s) are not subject to filing, reporting or like requirements of any governmental commission, bureau or agency charged with control or supervision of environmental concern related to the Collateral.

(b) All financial information furnished or disclosed to Lender by Borrower and Guarantors touching upon the financial condition of any of them is true and correct as of the date furnished, and there has been no omission of any material fact relating thereto, and there has been no material adverse change in the

QUIMERA HOLDING GROUP S.J.

Juan Carlos Cordov
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

\com\am/Quimera.Cordova.Executed.spfunds1147





State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
___ day of __NOV  2017__
By _____ _JUAN CORDOVA_
Personally known __X_ OR produced identification ____
Type identification produced _____

_____ Notary Public

13

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

financial condition, operations or business of any of them since the date of such financial information. Lender shall determine the amount of Monthly Prepaid Interest based on the income available as shown on the Borrower's and Guarantor's financial statement. Borrower and Guarantor(s) authorize Lender to obtain any credit information which Lender deems appropriate or necessary regarding Borrower and/or Guarantor(s). Borrower shall provide Lender with financial information as Lender deems appropriate, for Borrower, Guarantor(s), and all individuals and entities who own a Ten Percent (10%) or greater direct or indirect interest in Borrower or Guarantor(s).

(c)    Borrower or Guarantor(s) are not in default in the performance, observance or fulfillment of any of the obligations or conditions contained in any agreement or instrument to which it is a party, or with respect to any evidence of indebtedness or obligation for borrowed money, except as otherwise disclosed in writing herein. Borrower represents that any such disclosures do not affect in any way the Collateral, nor does any condition exist which, upon the lapse of time or giving of notice, or both, would constitute an event of default under, or grounds for termination of, any such agreement or instrument.

(d)    No actions, suits or proceedings at law or in equity are pending or, to the best of Borrower's or Guarantor's knowledge, threatened, in any court or before any federal, state, municipal or governmental department, commission, board, bureau, agency or instrumentality against or affecting Borrower, Guarantors, or any of its properties or rights which, if adversely determined would materially adversely affect the financial condition of Borrower or Guarantors or materially impair the right of either to carry on its business substantially as now conducted. Borrower and Guarantor(s) have disclosed to Lender in writing all judgments, writs, injunctions, decrees, rules or regulations of any court or federal, state, municipal or governmental department, commission, board, bureau, agency or instrumentality.

(e)    At Lender's option, Borrower will establish and maintain reserves for ongoing expenses including, but not limited to, taxes and insurance premiums, and replacement reserves in amounts acceptable to Lender. The tax and insurance reserve will be funded up front and from monthly cash flow and will be $1/12^{th}$ of the annual amount payable All funds held in the reserve accounts will be held for the benefit of Borrower, except for the tax and insurance reserve (which shall be for the benefit of Lender).

QUIMERA HOLDING GROUP S.A.C.

_____
Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.



South Pacific Funds and
Co mmodities Limited

\com\am/Quimera.Cordova.Executed.spfunds1147

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
_____ day of _NOV_ _2017_
By_____ JP JUAN CORDOVA
Personally known _X_ OR produced identification ____
Type identification produced _____

14

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

11.   **Additional Requirements:** Prior to the closing of the Loan and disbursement of funds, in each instance Borrower must comply with the following:

(a)   Borrower is to produce such evidence as Lender may require to demonstrate current full compliance with all applicable building, zoning, health, environmental and safety laws, ordinances and regulations (including without limitation, certificates of occupancy and approvals of local, private or public sewage or water utilities). Borrower shall certify or supply other satisfactory evidence to Lender at the time of the closing that there is no action or proceeding pending before any court or administrative agency with respect to the validity of any laws, ordinances or regulations, and any certifications or permits issued thereunder, pertaining to the Collateral. Borrower shall provide Lender with searches prepared by Corporation Service Company or CT Corporation System covering liens, judgments and litigation with respect to Borrower, Guarantor, and all individuals and entities who own a Ten Percent (10%) or greater direct or indirect interest in Borrower or Guarantor, in each County and State where Borrower does business and in the County and State where personal Guarantor resides. Borrower shall certify or supply other evidence satisfactory to Lender that Borrower is not a party to any existing or pending or threatened litigation, unless specifically noted herein.

(b)   All appropriate approvals necessary for the current use and the completed project contemplated by this Loan Commitment (if applicable) must be provided and must meet all applicable requirements of all governmental authorities having jurisdiction, including, but not limited to subdivision and site plan approvals, the Department of Environmental Protection and its several sub departments as they pertain to potable water supply, sewage discharge and sewage connection, use of septic tanks or alternatives. Lender shall require prior to closing, evidence satisfactory to it and its Counsel of full compliance with all Environmental Clean-Up Responsibility Acts and that no action is pending or liens imposed under any Spill Compensation and/or Control Acts. Borrower shall provide Lender with a Phase I environmental report (dated not more than six (6) months prior to the closing date of the Loan) acceptable to Lender in its sole discretion. Borrower shall provide Lender with evidence satisfactory to Lender that Lender, its successors and or assigns are permitted to rely upon all environmental reports provided by Borrower to Lender. Borrower shall provide to Lender general liability insurance policies and certificates of insurance of the companies that issued each environmental reports in such amounts and form, and issued by such companies, as approved by Lender, together with an endorsement naming Lender, its successors and/or assigns as certificate holder and additional insured.

QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

\com\um\Quimera.Cordova.Executed.spfunds1147

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of _NOV_ _2017_
By_____
Personally known X_ OR produced identification ____
Type identification produced _____

Notary Public

15

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

(c)     During the term of the Loan, there shall be no additional financing nor any transfer of title, not contemplated in the Loan Documents without the prior written approval of Lender.

(d)     Execution by Borrower of such Loan Documents including, but not limited to, a mortgage and mortgage note, satisfactory in form and substance to Lender and its counsel, including a prohibition against the transfer of title of any of the Collateral not contemplated in the Loan Documents, and if Borrower is a corporation or partnership, a change in the management or controlling interest in Borrower. Borrower may prepay Lender at any time, in whole or in part, without penalty except for all of the FEE which is considered earned at the time of closing.

(e)     This Loan Commitment is subject to the accuracy of all information, representations, exhibits and other materials submitted with or in support of the Loan request and there must be no adverse change in the set of facts prior to the disbursements of funds or during the term of the Loan. This Loan Commitment may be terminated by Lender and the Commitment Fee retained and earned by Lender in the event of the following:

(i)     If Borrower shall fail to comply with any of the terms or conditions hereof.
(ii)    In the event of a sale, conveyance or other market of any of the Collateral.
(iii)   In the event of a materially adverse change in the financial condition of Borrower or any Guarantor.
(iv)    Any fraudulent material misrepresentation or any omission or concealment by Borrower or any Guarantor of any material fact.

(f)     In the event of any default during the term of this Loan Commitment, Lender may, at its option, require immediate payment of the balance of the Commitment Fee and Lender may terminate the Loan Commitment and retain the paid portion of the Commitment Fee.

(g)     Borrower has the obligation to disclose all material facts, past and present, related to Borrower, Guarantors, the Collateral, the transaction, etc.

(h)     Borrower specifically acknowledges and agrees that Lender relies on Counsel opinion letters relating to legal issues relating to the Loan including, but not limited to, the issue of usury. This Loan Commitment is subject to the express condition that at no time will Borrower be obligated or required to pay interest at a rate which could subject Lender to either civil or criminal liability as a result of being in excess of the maximum rate which Borrower is permitted by law to

QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C

\com\ant/Quimera.Cordova.Executed.spfunds1147

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of _NOV. 207_
By _____
Personally known ☒ OR produced identification _____
Type identification produced _____

_____
Notary Public

16

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

contract or agree to pay. If, by the terms of this Loan Commitment or the Loan Documents Borrower is at any time required or obligated to pay interest at a rate in excess of such maximum rate, the rate of interest shall be deemed to be immediately reduced to such maximum rate and the portion, if any, of all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the principal balance. All amounts due by Borrower in connection with the Loan shall be paid in U.S. dollars without regard to currency or exchange rate fluctuation or risk.

(i)     Borrower shall provide Lender with organizational, constituent and authority documents for Borrower, Guarantor (if any entity), and all individuals and entities who own a Ten Percent (10%) or greater direct or indirect interest in Borrower or Guarantor, including without limitation, certificates/articles of formation/incorporation/organization, certificates of authority to do business (if applicable), operating agreements/bylaw/partnership agreements, resolutions, incumbency certificates, and current good standing certificates, all in form and substance satisfactory to Lender. Borrower shall provide Lender with an organizational chart for Borrower and Guarantor (if an entity) in form satisfactory to Lender that sets forth Borrower and Guarantor, and all individuals and entities that own direct or indirect interests in, or manage or control, Borrower or Guarantor together with their respective percentage interests therein. At Lender's option at closing, the owner of the Collateral and Borrower shall be a newly formed single-purpose limited liability company or limited partnership acceptable to Lender. Borrower's organizational documents shall contain provisions satisfactory to Lender, including without limitation, single purpose entity provisions (e.g. single asset, restrictions on certain entity changes and transactions, bankruptcy remoteness, entity separateness, subordination of certain owner rights, independent manager/director). These provisions may not be amended in any material respect during the term of the Loan without Lender's consent. The sole business activity of Borrower shall be the ownership and operation of the Collateral. Borrower shall have no debt other than the Loan at closing. Borrower shall be prohibited from incurring additional debt other than the Loan throughout the Loan term, including without limitation, partnership debt. Any advances made to Borrower from any partner, member of Borrower or shareholder shall be in the form of equity not debt.

(j)     By executing this Loan Commitment, Borrower and Guarantor(s) authorize Lender to obtain credit information on Borrower and Guarantor.

(k)     If applicable, Borrower shall provide Lender with copies of all Broker agreements and invoices issued in connection with the Loan.

QUIMERA HOLDING GROUP S.A.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.

\com\am\Quimera.Cordova.Executed.spfunds1147

State of
County of
Subscribed and sworn to (or affirmed) before a me this
_____ day of _____ ( _____ , _____ )
By, _____ _____ _____ ) U & &
Personally known _____ OR produced identification )
Type notable after produced

17

Notary Public

Quimera Holding Group S.A.
Loan Commitment
November 1, 2017
Case # Sptlands1147

(l)    If applicable, Borrower shall provide Lender with copies of all management and service contracts affecting the Collateral

(m)    If applicable, Borrower shall provide Lender with evidence that Borrower's ready funds necessary to close are held in escrow with the settlement agent together with evidence of the source of such funds.

(n)    If applicable, Borrower shall provide Lender with the purchase and sale agreement and all amendments thereto and all conveyance/closing documents executed or delivered in connection with the transfer of the Collateral to Borrower.

(o)    If applicable, the transfer of the Collateral to Borrower shall be pursuant to an "arms length transaction", which term shall mean a transaction evidenced by a binding agreement that contains market terms and conditions between separate, distinct, and unrelated parties.

(p)    If applicable, Borrower shall provide Lender with an inspection report covering all buildings on the Collateral in form and substance satisfactory to Lender issued by a structural engineer satisfactory to Lender together with an estimate of remediation costs issued by a company satisfactory to Lender with respect to any and all recommended remediation set forth in said inspection reports.

(q)    If there are leases or other income producing assets on the Collateral, Lender may require Borrower to establish and maintain a lockbox account (the "Lockbox Account") at a banking institution satisfactory to Lender.

(r)    Borrower shall provide Lender with evidence satisfactory to Lender of the availability of public utilities at the Collateral (water, sewer, electric, gas).

(s)    If applicable, Borrower shall provide Lender with evidence satisfactory to Lender of all agreements, approvals, licenses and permits required for, or issued in connection with the development or operation of the Collateral.

(t)    In the case of a construction loan, Borrower shall provide Lender with a complete set of architect and engineering plans and all contracts, budgets, schedules and other construction documents, if any, together with a performance/completion bond insuring Lender that the project will be completed per approved plans.

12.    **Validity of Loan:** The Loan and the closing thereof shall in all respects be legal and not violate any applicable law or other requirements of any governmental authority. Borrower will submit to Lender at closing a current written opinion by Borrower's legal

QUIMERA HOLDING GROUP S.A.

Juan Carlos Cordov
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.

Jcqualam\Quimera Cordova Executed sptlands1147

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
_____ day of _NOV_ _2017_
By_____
Personally known _X_ OR produced identification _____
Type identification produced _____

Notary Public

18

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147



counsel, satisfactory to Lender, to the effect, among other things, that all Loan Documents are valid and binding upon Borrower and any other mortgagor and are enforceable in accordance with their terms and are legal and do not violate any local, state or federal laws including, but not limited to, all usury laws. Borrower's and Guarantor's legal Counsel providing such opinion shall be a law firm, satisfactory to Lender, comprised of five or more attorneys, at least one of which specializes in the practice of commercial real estate. Once the Loan is closed and funded by Lender, the Loan shall be governed and construed pursuant to the laws of the State of New Jersey. Borrower understands that Lender has entered into this Commitment expecting to receive a return on the Loan as set forth in this Loan Commitment. In the event that the jurisdiction in which the Collateral is located and/or from which payment is made requires the payment of a tax, assessment, or other charges in connection with the Loan by Lender, Borrower will be responsible for the payment of such tax, assessment or charge and shall reimburse Lender for any payment required to be made by Lender.

13. **Governing Law:** This Loan Commitment and the other Loan Documents (except the Mortgage which shall be construed in accordance with the law of the situs of the realty), shall be governed by and construed in accordance with the internal substantive laws of the State of New Jersey, without regard to the choice of law principles of such state.

14. **Usury:** It is expressly understood and acknowledged by Borrower that Lender may not be familiar with the usury statutes in the Collateral's jurisdiction and relies on Counsel opinions delivered at closing. This Loan Commitment is subject to the express condition that at no time shall Borrower be obligated or required to pay interest at a rate which could subject Lender to either civil or criminal liability as a result of being in excess of the maximum rate which Borrower is permitted by law to contract or agree to pay. If by the terms of this Loan Commitment or the note Borrower is at any time required or obligated to pay interest at a rate in excess of such maximum rate, the rate of interest hereunder and/or under the note shall be deemed to be immediately reduced to such maximum rate and interest payable shall be computed at such maximum rate and the portion of all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of principal balance or, if the Loan has not closed shall be void, and if Lender deems it a hardship to close the Loan under the usury statutes, all fees paid to Lender shall be refunded and this Loan Commitment shall be null and void.

15. **Choice of Forum:** Borrower and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New Jersey for adjudication of any dispute between Borrower and Guarantor(s), their agents, servants and/or employees and Lender under any theory of law in connection with, out of, or otherwise relating to this Loan

QUIMERA HOLDING GROUP S.A.C.

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S.A.C.

\com\am/Quimera.Cordova.Executed.spfunds1147

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
___ST___ day of _NOV. 2017_
By _____
Personally known _X_ OR produced identification _____
Type identification produced _____

_____
                          Notary Public



19

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

Commitment and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or country. Borrower further agrees that such designated forum is proper and convenient. By executing this Loan Commitment, Borrower and Guarantor(s) authorize Lender to obtain credit information on Borrower and Guarantor.

16.    **WAIVER OF TRIAL BY JURY:**    Borrower and Lender each hereby unconditionally and irrevocably waive any and all right to trial by jury in any suit, counterclaim, or cross-claim arising in connection with, out of, or otherwise relating to this Loan Commitment, the Loan, the Loan Documents, the Collateral, or anything related to this transaction.

17.    **No Oral Modifications:** Notwithstanding any course of dealing between the parties, no amendment, modification, rescission, waiver, or release of any provision of this Loan Commitment shall be effective unless the same shall be in writing and signed by Borrower and Lender.

18.    **Complete Agreement:**    This Loan Commitment, together with the other Loan Documents, constitutes the entire agreement and understanding among the parties relating to the subject matter of this Mortgage Loan, and supersedes all prior proposals, negotiations, agreements, and understanding relating to such subject matter. In entering into this agreement, Borrower acknowledges that it is relying on no statement, representation or agent of Lender, except for the agreements of Lender set forth herein.

19.    **Survival of Commitment:**  Borrower and Lender hereby acknowledge and agree that this Loan Commitment shall not survive closing.  Furthermore, notwithstanding the provisions of paragraph 17 above, the parties specifically acknowledge and agree that the terms and conditions of this Loan may be modified by mutual agreement at any time up to and including the date of closing and that any such modifications shall be incorporated directly into the Loan Documents without the need to amend this Loan Commitment.

20.    **Execution.**    This Loan Commitment may be executed in any number of counterparts, each in which shall be considered an original. Delivery of an executed copy by one party to the other, via facsimile or email shall constitute a valid delivery.

The undersigned does hereby accept this Loan Commitment and does hereby agree to keep and perform each and every item and condition herein before set forth and does acknowledge that the performance of such terms and conditions are obligations of the undersigned. The undersigned acknowledges and agrees

QUIMERA HOLDING GROUP S...

Juan Carlos Cord.
  DIRECTOR EJECUT.

QUIMERA HOLDING GROUP S.A.C.

\com\am\Quimera.Cordova.Executed.spfunds1147

20

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

that Lender requires satisfaction of the conditions herein (and in the Loan Documents) at least three (3) business days prior to the closing and funding of the Loan. The attorney for Borrower has reviewed this Loan Commitment and has explained all of its terms and ramifications to Borrower and Guarantor.

ACCEPTED:
QUIMERA HOLDING GROUP S.A.C.

QUIMERA HOLDING GROUP S.A..

BY: _____
Juan Carlos Cordova Carpio, Executive Director

_____
Juan Carlos Cordova Del Carpio, Individually and as Guarantor

_____
Jose Enrique Mendoza Del Solar, Director

_____
Jose Enrique Mendoza Del Solar, Individually and as Guarantor

DATE: Nov. 1, 20 17

BY: _____
Alejandro Stiglich, Witness
South Pacific Funds and Commerce Limited.
(Bahamas)

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of _____ 2017
By _____
Personally known ___ OR produced identification
Type identification produced _____
_____
Notary Public

21

Quimera Holding Group S.A.C.
Loan Commitment
November 1, 2017
Case # Spfunds1147

## SCHEDULE "C"
### (COLLATERAL / PROJECT DESCRIPTION)
### PROVIDED BY BORROWER

See attached.

QUIMERA HOLDING GROUP S.A.:

Juan Carlos Cordova
DIRECTOR EJECUTIVO

QUIMERA HOLDING GROUP S

State of _____
County of _____
Subscribed and sworn to (or affirmed) before me this
____ day of _____ 2017
By_____
Personally known ___ OR produced identification _____
Type identification produced _____

Notary Public

\com\arn/Quimera Cordova.Executed.spfunds1147