David M. Bercovitch, Esq., Of Counsel
Greenfield Law Group
930 Sylvan Ave., Suite 110,
Englewood Cliffs, NJ 07632
(973) 528-5545
dbercovitch@greenfieldlg.com
Attorneys for Defendant

| | |
|---|---|
| QUIMERA HOLDING GROUP, S.A.C.<br><br>                    Plaintiff,<br><br>vs.<br><br>KENNEDY FUNDING FINANCIAL, LLC, KEVIN WOLFER AND GREGG WOLFER<br><br>                    Defendant. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.2:20-cv-17764<br><br>**ANSWER** |

Defendants Kennedy Funding Financial, LLC ("KFF"), Kevin Wolfer and Gregg Wolfer with a place of business at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey 07632, by way of Answer to the Complaint of Plaintiff Quimera Holding Group, S.A.C. hereby states as follows:

**NATURE OF THE ACTION**

1.      Admitted in part and denied in part. It is admitted the averments contained in the corresponding paragraph of Plaintiff's Complaint are a recitation of this cause of action. Defendants specifically deny the allegations and deny the prayer for relief. Plaintiff entered into a loan commitment with KFF, Kevin and Gregg Wolfer. Plaintiff reneged on the agreement thereby *forfeiting their collateral* per the terms of the loan agreement.

**PARTIES TO THE ACTION**

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the corresponding paragraph and therefore same is denied.

3.    Defendants admit the allegations contained in the corresponding paragraph of Plaintiff's Complaint

4.    Defendants admit the allegations contained in the corresponding paragraph of Plaintiff's Complaint.

5.    Defendants admit the allegations contained in the corresponding paragraph of Plaintiff's Complaint.

6.    Admitted in part and denied in part. It is admitted Kevin and Gregg Wolfer are officers of KFF. The website speaks for itself.

7.    Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in the corresponding paragraph of Plaintiff's Complaint.

8.    Defendants admit the allegations contained in the corresponding paragraph of Plaintiff's Complaint.

9.    Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in the corresponding paragraph of Plaintiff's Complaint.

10.    Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in the corresponding paragraph of Plaintiff's Complaint.

11.    Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in the corresponding paragraph of Plaintiff's Complaint.

12.    Admitted in part and denied in part. It is admitted the individuals referenced in the corresponding paragraph of Plaintiff's Complaint met to discuss the loan commitment

which is the subject of this litigation. Defendants specifically deny the characterizations of the meeting and the titles Plaintiff's Complaint attaches to the parties therein.

13.    Admitted in part and denied in part. It is admitted plaintiff agreed to the terms of loan commitment, a copy of which is attached to plaintiff's complaint, with KFF. The loan commitment specifically states *the collateral is nonrefundable*.

14.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

15.     Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

16.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

17.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

18.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

19.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

20.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

21.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

22.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

23.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

24.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

25.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

26.    Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

27.     Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

28.     Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

29.     Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

30.     Admitted in part and denied in part. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

31.     Admitted in part and denied in part. It is admitted KFF received $15,000.00 from defendant in connection to the Loan Commitment referenced herein. The remaining allegations are specifically denied.

32.     Admitted in part and denied in part. It is admitted KFF received $15,000.00 from defendant in connection to the Loan Commitment referenced herein. The remaining allegations are specifically denied.

33.     Admitted in part and denied in part. It is admitted KFF required the loan to be secured by collateral per the terms of the Loan Commitment. The remaining allegations are specifically denied.

34.   Admitted in part and denied in part. It is admitted KFF required the loan to be secured by collateral per the terms of the Loan Commitment. The remaining allegations are specifically denied.

35.   Admitted in part and denied in part. It is admitted KFF received $200,000.00 from defendant in connection to the Loan Commitment referenced herein. The remaining allegations are specifically denied.

36.   Admitted in part and denied in part. It is admitted KFF received $200,000.00 from defendant in connection to the Loan Commitment referenced herein. The remaining allegations are specifically denied.

37.   Admitted in part and denied in part. It is admitted KFF received $85,000.00 from defendant in connection to the Loan Commitment referenced herein. The remaining allegations are specifically denied.

38.   Admitted in part and denied in part. It is admitted the terms of the Loan Commitment required a third-party appraiser to perform a valuation of the proposed collateral.

39.   Admitted in part and denied in part. It is admitted KFF made a loan offer in the amount of $32,600,000.00. The remaining allegations are specifically denied.

40.   Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

41.   Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

42.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

43.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

44.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

45.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

46.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

47.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

48.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

49.     Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

50.     Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

51.     Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

52.     Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

53.     Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

54.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

55.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

56.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

57.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

58.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

59.     Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

60.     Defendants' deny they offered a loan equal to less than 50% of the disposition value of the designated collateral. At all times KFF honored the terms and conditions of the Loan Commitment offering a loan in the amount of 55% of the dispositive value of the designated collateral.

61.     Defendants' deny they offered a loan equal to less than 50% of the disposition value of the designated collateral. At all times KFF honored the terms and conditions of the Loan Commitment offering a loan in the amount of 55% of the dispositive value of the designated collateral.

62.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

63.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied. The quoted portion of the email exchange does not violate any agreement between plaintiff and KFF.

64.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails regarding the appraisal reports of the proposed collateral. The remaining allegations are specifically denied.

65.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails the commitment fee in the Loan Commitment. The remaining allegations are specifically denied.

66.     Admitted in part and denied in part. It is admitted plaintiff and KFF exchanged emails the commitment fee in the Loan Commitment. The remaining allegations are specifically denied as the loan commitment speaks for itself.

67.     Defendants deny the loan offer KFF extended to plaintiffs was less than 55% of the dispositive value of the designated collateral. On the contrary, per the terms of the Loan Commitment the loan offer KFF extended was equal to 55% of the dispositive value of the designated collateral.

68.     It is admitted that KFF extended a loan offer to plaintiff's, in accordance with the terms of the Loan Commitment, which plaintiff refused thereby forfeiting the commitment fee.

69.     It is admitted that the Loan Commitment specifically states the commitment fee is not refundable if plaintiff refuses to close the loan. Plaintiff refused the loan offer and the commitment fee was forfeited per the terms of the Loan Commitment agreement.

## COUNT I
(Fraud)

70.    Defendants repeat and reiterate the responses set forth in the preceding paragraphs as if the same were set forth herein.

71.    Defendants deny the allegations contained in the corresponding paragraph of Plaintiff's Complaint. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral.

72.    Defendants deny the allegations contained in the corresponding paragraph of Plaintiff's Complaint. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral.

73.    Defendants deny the allegations contained in the corresponding paragraph of Plaintiff's Complaint. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral.

74.    Defendants deny the allegations contained in the corresponding paragraph of Plaintiff's Complaint. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral.

75.    Defendants deny the allegations contained in the corresponding paragraph of Plaintiff's Complaint. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral.

76.    Defendants deny the allegations contained in the corresponding paragraph of Plaintiff's Complaint. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral.

77.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

78.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

79.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

80.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

81.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

82.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

83.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

84.     The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

85.     The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

86.     The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

87.     The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  Per the terms of the Loan Commitment the aforementioned fees were nonrefundable if Plaintiff refused to accept the loan offer, which plaintiff did refuse. The remaining allegations are specifically denied.

WHEREFORE the Defendants demand judgment dismissing Count I together with costs of suit.

## COUNT II
(Negligent Misrepresentation)

88.     Defendants repeat and reiterate the responses set forth in the preceding paragraphs as if the same were set forth herein.

89.     The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. KFF

did make a loan offer equal to 55% of the dispositive value of the designated collateral. The remaining allegations are specifically denied.

90.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The remaining allegations are specifically denied.

91.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

92.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

93.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

94.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

95.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its

content. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

96.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

97.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  Per the terms of the Loan Commitment the aforementioned fees were nonrefundable if Plaintiff refused to accept the loan offer, which plaintiff did refuse. The remaining allegations are specifically denied.

WHEREFORE the Defendants demand judgment dismissing Count I together with costs of suit.

## COUNT III
(Breach of Contract)

98.    Defendants repeat and reiterate the responses set forth in the preceding paragraphs as if the same were set forth herein.

99.    The corresponding averment is a legal conclusion to which no response is required.

100.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The remaining allegations are specifically denied.

101.    Admitted in part and denied in part. It is admitted the appraisal is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

102.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The remaining allegations are specifically denied.

103.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

104.    Admitted in part and denied in part. It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations are specifically denied.

105.     It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations are specifically denied.

106.     It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations are legal conclusions to which no response is required. Plaintiff is left to their proofs.

WHEREFORE the Defendants demand judgment dismissing Count I together with costs of suit.

**COUNT IV – PLED IN THE ALTERNATIVE**
**(Unjust Enrichment)**

107. Defendants repeat and reiterate the responses set forth in the preceding paragraphs as if the same were set forth herein.

108. It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

109. It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations are specifically denied.

110. It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations are specifically denied.

111.    It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

112.    It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

113.    It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

WHEREFORE the Defendants demand judgment dismissing Count I together with costs of suit.

**COUNT V**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

114. Defendants repeat and reiterate the responses set forth in the preceding paragraphs as if the same were set forth herein.

115. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

116. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

117. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied

118. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

119. It is admitted the Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The remaining allegations are specifically denied.

120. The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. The remaining allegations are specifically denied.

121. The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF

did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations are specifically denied.

122.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations are specifically denied.

123.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations are specifically denied.

124.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations are specifically denied.

125.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations are specifically denied.

126.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content. The extension fee is a specific provision in the agreement. The remaining allegations are specifically denied.

127.   It is admitted Plaintiff and KFF exchanged emails regarding closing the herein described loan. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  Specifically, the provision regarding extending the expiration date of the loan clearly states the collateral required to extend the loan expiration date. The remaining allegations are specifically denied.

128.   The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations are specifically denied.

129.   KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

130.   KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

131.   KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

132.    KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

WHEREFORE the Defendants demand judgment dismissing Count I together with costs of suit.

## COUNT VI
**(Violation of New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.)**

133.    Defendants repeat and reiterate the responses set forth in the preceding paragraphs as if the same were set forth herein.

134.    KFF is a New Jersey Limited Liability Company. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

135.    Kevin Wolfer is an officer of KFF. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

136.    Gregg Wolfer is an officer of KFF. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

137.    KFF is a New Jersey Limited Liability Company. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

138.    The corresponding averment is a legal conclusion to which no response is required. Plaintiff is left to their proofs.

139.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

140.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

141.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations are specifically denied.

142.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

143.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF

did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

144.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

145.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

146.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

147.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

148.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

149.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the corresponding paragraph.

150.    The Loan Commitment dated November 1, 2017 is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.  KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. Plaintiff refused the loan offer. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

151.    It is admitted Plaintiff paid KFF $615,000.00 per the terms of the Loan Commitment. KFF did make a loan offer equal to 55% of the dispositive value of the designated collateral. When Plaintiff refused KFF loan offer, per the terms of the Loan Commitment, the $615,000.00 was forfeited. The remaining allegations in the corresponding averment are legal conclusions to which no response is required. Plaintiff is left to their proofs.

WHEREFORE the Defendants demand judgment dismissing Count I together with costs of suit.

## FIRST AFFIRMATIVE DEFENSES

Plaintiff failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSES

Plaintiff is barred from recovery of any sum in excess of the paid portion of the commitment fee under the theory of estoppel.

## THIRD AFFIRMATIVE DEFENSES

Plaintiff is barred from recovery of any sum in excess of the paid portion of the commitment fee under the theory of waiver.

**GREENFIELD LAW GROUP**
Attorneys for Defendants

By: _____
David M. Bercovitch
Of Counsel

DATED:      April 28, 2021

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**GREENFIELD LAW GROUP**
Attorneys for Defendants

By: _____
David M. Bercovitch
Of Counsel

DATED:        April 28, 2021