**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **QUIMERA HOLDING GROUP, SAC**<br><br>*Plaintiff*,<br>v.<br>**KENNEDY FUNDING FINANCIAL, LLC,**<br><br>*Defendant.* | **Civil Action No. 20-17764**<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Defendant Kennedy Funding Financial's ("Defendant") Motion for Reconsideration, ECF No. 35, of the Court's April 26, 2023, Order granting Plaintiff Quimera Holding Group's ("Plaintiff") Motion for Summary Judgment on Plaintiff's breach of contract claim, ECF No. 34 (the "April Order");

and it appearing that Plaintiff opposes the Motion, ECF No. 38;

and it appearing that in order to prevail on a motion for Reconsideration, the movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999);

and it appearing that reconsideration "is an extraordinary remedy that is rarely granted," Walsh v. Walsh, No. 16-4242, 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017);

and it appearing that in granting summary judgment, this Court found that Plaintiff performed in accordance with the Loan Commitment, and found no factual or legal support for the

1

argument that Plaintiff rejected the original loan offer and made a "counteroffer" to Defendant, see April Order at 4-5;

and it appearing that Defendant seeks reconsideration on a variety of contract grounds never initially raised in the underlying summary judgment motion including: (1) Plaintiff did not timely accept the loan within three days as per the Loan Commitment; (2) the Court should have considered extrinsic evidence as to the properties subject to the loan on Schedule C because the Loan Commitment is ambiguous; (3) the Court should have considered the credibility of Plaintiff's corporate representative; and (4) the appraisal fee is not recoverable under the contract, see ECF No. 35-1;

and it appearing that although styled as separate "errors," Defendant's motion is another iteration of its core argument raised in the underlying summary judgment motion: that Plaintiff failed to perform and instead made a counteroffer for a new loan, which was rejected by Defendant;

and it appearing that to the extent Defendant asserts new arguments as to why the Plaintiff did not adequately perform, "[e]vidence or arguments that were available at the time of the original decision will not support a motion for reconsideration," Lampon-Paz v. Dep't of Justice, No. 16-9071, 2017 WL 6403003, at *1 (D.N.J. Sept. 19, 2017);

and it further appearing that Defendant's motion appears to be a disagreement with the decision of the Court;

and it appearing that Defendant has not demonstrated any change in the law, or that reconsideration is warranted to correct a clear error of law or fact or to prevent manifest injustice,

**IT IS** on this 4th day of December 2023;

**ORDERED** that Defendant's Motion for Reconsideration, ECF No. 35, **DENIED.**

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**